### JIMMIE PYRON v. THE STATE.

No. 1274.   Decided June 21, 1911.

**Theft of Horses—Juvenile Criminal—Age of Defendant—Discretion.**

Where, upon trial of defendant who was a juvenile, the court instructed the jury that if they found the defendant to be less than thirteen years of age they could not convict him for theft of horses, unless the State had shown that he had discretion sufficient to understand the nature and illegality of the act, there was no error.

Appeal from the District Court of Smith.   Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of horse theft; penalty, four years in the State Institution for the Training of Juveniles.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft of two horses.   The jury assessed his punishment at four years in the State Institution for the Training of Juveniles.

The record is before us without a statement of facts or bill of exceptions.   In his motion for a new trial appellant complains the court refused to give a charge to the effect that if the jury should find that appellant committed theft of the horses, and was between the age of nine and thirteen years, they could not convict unless the State had shown to their satisfaction, beyond a reasonable doubt, by evidence, that at the time the offense is alleged to have been committed he had discretion sufficient to understand the illegality of the act constituting the offense.   The court gave this charge:   "If you shall find that the defendant is less than thirteen years of age, then you can not convict him, unless the State has shown by the evidence that he had discretion sufficient to understand the nature and illegality of the act constituting the offense of theft of horses as charged."

We think this was a sufficient presentation of that question, if the question was raised by the evidence, and we take it for granted that it was, inasmuch as the court gave the instruction above quoted.   We are unable to pass upon any question with reference to the mental status of the defendant in the absence of the testimony.

The other two grounds of the motion for new trial are based upon the alleged insufficiency of the evidence to support the conviction. Without the evidence it is impossible to review those questions.

The judgment is affirmed.

*Affirmed.*